IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA, Plaintiff**

vs. 4:17CR-00293-BSM

**COREY FORD, Defendant**

## SENTENCING MEMORANDUM

The Defendant, Corey Ford, by and through his attorney, Debra Reece ohnson, submits the following memorandum in anticipation of a sentencing hearing. Mr. Ford respectfully requests that the Court consider a sentence that will be reasonable, just, and conform with sentencing law and purposes.

## BACKGROUND

Corey Ford's post-arrest rehabilitation has been excellent. As attested to by the attached letters of support, Corey took his chance at rehabilitation seriously. He was not only the only person in his rehab to have completed all 12 steps of his 12-step program, he also overcame the counseling professionals' initial skepticism that he could kick his addiction. Corey has zero criminal history points; he was 26 years old when he was arrested in October 2017, and turned 30 this year. He has been housed in the Dallas County, Arkansas, Detention Center since his plea in January 2020, and he has been a model inmate and has remained drug-free since his arrest and is highly unlikely to re-offend. And, while many of his co-defendants were involved in a gang, Corey was never a member of that gang, did not attend their meetings, and did not participate – nor was

1

he charged – in any violent crimes. His involvement in this case was a result of immaturity, loss, and an attempt to cover his pain by using drugs. Now that he has remained clean and sober for all this time, he has matured and realized that the life he wants is one that is drug-free.

## **DISCUSSION/AUTHORITY IN SUPPORT**

Pursuant to 18 U.S.C. § 3553(a), the defense respectfully requests that the Court would impose a sentence that reflects the purposes of federal sentencing law. Significant factors include the following.

**1. Remarkable Post-Arrest Rehabilitation** – The Defendant, Corey Ford, has genuinely reformed his life. In a decision by the Eighth Circuit Court of Appeals, the court stated that a genuine turnaround from addiction to a sober, law-abiding life was appropriate for a downward variance, even when that turnaround occurred after a defendant's arrest. See *United States v. Shy*, 538 F.3d 933, 938 (8th Cir. 2008). Corey's experience is like the defendant in *Shy*. He has been clean and sober since November 2017. He has no intention of going back to   drugs. And since feeding his own drug habit was the sole reason he was even mixed up with his co-defendants, he will not likely re-offend. He was addicted at a young age; but having seen the light, his desire is to remain clean.

**2. Age** - Corey became addicted to meth after graduating high school after suffering a personal loss. As he sunk deeper into addiction, he began hanging around with the folks who were supplying him drugs, and he occasionally went on motorcycle runs with people who were carrying drugs, and also carried them a couple of times, in exchange for the drugs they would supply him. In short, had he not been addicted, he would never have even associated with his co-defendants.

**3. No Threat to Commit Further Crimes** – Under 3553(a), the Court must impose a sentence to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(2)(C). There seems to be nothing from which to protect the public in this case, given Corey's post-arrest behavior and his desire to take his opportunities seriously to keep his life free of drugs and crime.

**4. Remorse/Honesty With Himself** – Corey has been, and is, very remorseful for his criminal behavior. He was raised by loving parents, taken to church, taught right from wrong, and had a strong moral compass.   He graduated from high school, got a great job, bought a house at age 19, and his life was following the path his parents and family had hoped.   Then his engagement to hi fiancé ended, and Corey turned to drugs to dull the pain.   He lost everything. His job, his house, his self-respect. As his life spun further out of control, Corey's parents couldn't even recognize the wonderful, hard-working son they had raised. Corey is deeply ashamed of his behavior and its reflection on his family and, especially, his parents. He has a younger brother who looked up to him, and Corey wants to be worthy of that love and respect. That is why he took his rehabilitation so seriously and worked so hard to get clean and sober. His heart breaks for what he has done and he is dedicated to never re-offending.   Many defendants claim remorse, but few of them actually turn their lives around because of it.   Corey did.   Remorse that is greater than usual can serve as a reason to depart, or vary, downward from a defendant's guideline range. See *United States v. Lisbon*, 276 F.Supp.3d 456, 462 (Dist. Maryland) (2017). Recovery from his drug use, acceptance of responsibility for his actions, and the support of his family have brought back the "old" Corey, who wants to put this terrible period of his life behind him permanently.

**5. Family Support** – Corey had distanced himself from his family while he was involved in drugs, but since his arrest, he has renewed strong ties with his family. After completing his rehabilitation,

3

he stayed on to help others who were addicted and worked hard at a full-time job, but he reserved his weekends to go home and spend time with his family and church. His family has been there for him throughout this ordeal, and they will continue to support him when he is released. Strong family ties, no criminal history, and rehabilitation were significant factors in giving a reduced sentence in *United States v. Moya*, 18 F.4th 480, 482 (5th Cir. 2021), and should be significant factors for a lenient sentence for Corey Ford.

**6. Work Ethic** – Corey has always been a hard worker. He worked hard at school, he went to work at a very young age for a serious job (working at Arkansas Nuclear One power plant), saved his money and bought a house. Drugs tore that down.   However, after his rehabilitation, he continued to stay on at Wilbur D. Mills, in order to assist and mentor other young people who had drug addictions. He also worked full-time and still had time for family. Corey will be a good and productive citizen upon his release. His good work ethic is a history and characteristic of the Defendant to be taken into consideration. See 18 U.S.C. § 3553(a).

**7. The principal sentencing statute** -- 18 U.S.C. § 3553(a), requires a sentencing court to "impose a sentence sufficient, but not greater than necessary," to comply with the purposes of sentencing law. In *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009), the Eighth Circuit Court of Appeals stated that to fashion a "sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a) district courts are *required*, to consider "the history and characteristics of the defendant" (emphasis added).   In imposing a sentence sufficient but not greater than necessary, the Court can justifiably grant mercy and leniency to Corey Ford.

## CONCLUSION

The Defendant, Corey Ford, is a 30-year old young man with no previous criminal history. He has shown remarkable rehabilitation, has a strong work ethic, abhors his involvement in this case and wants to remain drug and crime-free. He has strong family support and is highly unlikely to ever reoffend.   He respectfully requests this Court would sentence him with leniency and allow him to prove he is worthy of a second chance.

Respectfully submitted,

**/s/ Debra J. Reece**
ABN 2003092
djreecelawfirm@gmail.com
**ReeceLaw Criminal Defense & Appeals**
112 W. Sevier St.
Benton, AR   72015
(501) 778-1234
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Liza J. Brown
U. S. Attorney's Office
Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229
501-340-2600
Email: liza.brown@usdoj.gov

**/s/ Debra J. Reece**
Counsel for Corey Ford, Defendant